IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY P. DOLAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 107-030 |
| | * | |
| MARCELLA MAYS-CARNES, | * | |
| EAST GEORGIA COMMUNITY | * | |
| INITIATIVE, INC., | * | |
| BLUEPRINT MORTGAGE | * | |
| SERVICES, INC., BLUEPRINT | * | |
| COMMERCIAL SERVICES, INC., | * | |
| KENNEDY FUNDING, INC., and | * | |
| JACQUI GRIFFIN, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Defendant Kennedy Funding, Inc. ("KFI") has moved the Court to transfer the captioned case to the United States District Court of New Jersey. (Doc. no. 29.) For the reasons given below, the case will be transferred.

**I. DISCUSSION**

This case arises out of a failed loan agreement between KFI and East Georgia Community Initiative, Inc. ("EGCI"). Defendant KFI is located in Hackensack, New Jersey and its primary business is to issue loans secured by mortgages on real estate. Defendant EGCI is a not-for-profit corporation located in Augusta, Georgia. (Compl. ¶ 3.) EGCI and KFI entered into a loan commitment agreement that contained a forum selection clause. (See Doc. no. 23, Ex. A.) The relevant provision reads:

> 14. **Choice of Forum:** Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New Jersey for adjudication of any dispute between the Borrower and Guarantor(s), their agents, servants and/or employees and KFI under any theory of law in connection with, out of, or otherwise relating to this Commitment and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or county. The Borrower further agrees that such designated forum is proper and convenient.

(Id. at 14.)

The transaction out of which the complaint arises directly relates to the loan commitment agreement. Defendant EGCI, by and through its sole shareholder, Mays-Carnes, negotiated and signed the agreement containing the above cited forum selection clause. Thus, both EGCI and Mays-Carnes are bound by the clear and unambiguous terms of the contract. See In re Club Assoc., 951 F.2d 1223, 1230 (11th Cir. 1992); see also M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, 15, (1972) (holding that forum selection clauses should be enforced unless it is clearly shown that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, Plaintiff, who was not a party to the loan commitment agreement, has consented to KFI's request to transfer. (See Doc. no. 41.) Blueprint Mortgage Services, Inc., Blueprint Commercial Services, Inc., and Jacqui Griffin have failed to

2

make an appearance in this case. (See Doc. no. 28 at 2.)

The District Court of New Jersey is a district where Plaintiff's case could have been brought originally. Plaintiff, a resident of California, is of diverse citizenship with all Defendants. Defendant Kennedy has its principal place of business in New Jersey, and all other Defendants have either their principal place of business or are domiciled in Georgia. Second, the complaint seeks an amount greater than $75,000 in damages. Thus, the District Court of New Jersey will have subject matter jurisdiction to hear this case. See 28 U.S.C. § 1332(a).

Having considered the forum selection clause which Mays-Carnes and EGCI were signatories to, and with acknowledgment that Plaintiff has signed a consent for the case to be transferred, **IT IS HEREBY ORDERED** that this action be transferred to the United States District Court for the District of New Jersey.

**ORDER ENTERED** at Augusta, Georgia, this __6th__ day of February, 2008.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE